Signed: November 03, 2008
**SO ORDERED**
**NO TIMELY OPPOSITION.**



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **DORMIA, INC.** | ) | **Case No. 08-18044 NVA (Lead Case)** |
| **ADVANCED COMFORT, INC.** | ) | **Case No. 08-18046 NVA** |
| **ADVANCED COMFORT** | ) | |
|   **OF OHIO, INC.** | ) | **Case No. 08-18047 NVA** |
| **ADVANCED COMFORT OF** | ) | |
| **NEW JERSEY, INC.** | ) | **Case No. 08-18049 NVA** |
| **ADVANCED COMFORT OF** | ) | |
| **INDIANA, INC.** | ) | **Case No. 08-18050 NVA** |
| | ) | **Chapter 11** |
|      **Debtors** | ) | **(Jointly Administered)** |

### ORDER AUTHORIZING SALE OF ADVANCED COMFORT, INC.'S INTELLECTUAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

This matter coming before the Court on the Motion (the "Motion") of Debtor and Debtor

in Possession Advanced Comfort, Inc. (the "Debtor") pursuant to 11 U.S.C. §§ 105(a), 363 and

365 for an Order Authorizing Sale of the Debtor's Intellectual Property (the "IP") to Classic

Sleep Products, Inc. (the "Purchaser"); the Court having reviewed the Motion and having heard

the statements of counsel in support of the relief requested in the Motion at a hearing before the

Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), (c) notice of the Motion (and service of the proposed order) was sufficient under the

circumstances; Classic's offer  represents the highest and best offer received by the Debtor for the IP; (e) Purchaser is a good faith purchaser under 11 U.S.C. Section 363(m); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, are overruled on their merits.

3.      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

4.      The Debtor is hereby authorized and empowered to sell the IP to Classic in satisfaction of the Post-petition Debt (as defined in the accompanying Motion).

5.      The Purchaser is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

6.      The term and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, the Purchaser, and its affiliates, successors and assigns, and third parties having notice hereof, including, but not limited to, all non-debtor parties asserting a claim against or interest in the Debtor's estate or any of the IP to be sold to the Purchaser and any trustee for the Debtor hereunder appointed under any chapter of the Bankruptcy Code.

7.      The Debtor is authorized and directed under section 363(f) of the Bankruptcy Code to sell, convey, transfer and deliver the IP to the Purchaser (or any third party designated by the Purchaser), free and clear of any and all pre-petition and post-petition mortgages, security

interests, pledges, liens, claims, interests, judgments, demands, encumbrances, restrictions or charges of every kind or nature, fixed or contingent (collectively, the "Liens") existing as of the date of the transfer to the Purchaser, whether imposed by or asserted based on agreement, understanding, law, equity or otherwise.  The sale of the IP by the Debtor to the Purchaser shall constitute a legal, valid and effective transfer of the IP and the Purchaser shall be vested with good and sole title to the IP free and clear of the Liens.

       8.      Notwithstanding either Federal Rule of Bankruptcy Procedure 6004(g) or Federal Rule of Bankruptcy Procedure 7062, this is a final order effective immediately and section 363(m) of the Bankruptcy Code shall apply to this Order.

Copies to:

Michael J. Lichtenstein, Esquire
Stephen A. Metz, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, 3rd Floor
Rockville, Maryland 20852

Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21202

**END OF ORDER**